UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 11-1370-CAS (DTBx) | Date | February 23, 2011 |
|---|---|---|---|
| Title | *WERNER A. ZANDER, ET AL. v. ACE MORTGAGE FUNDING LLC, ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**   **(In Chambers:) ORDER PARTIALLY GRANTING DEFENDANTS' MOTIONS TO DISMISS [DOCKET NOS. 64, 66]; DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT [DOCKET NO. 67]; REMANDING ACTION**

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. Accordingly, the hearing set for February 27, 2012, at 10:00 a.m. is hereby vacated and the matter taken under submission.

**I. INTRODUCTION**

Before the Court is the Motion to Dismiss filed by defendant Fidelity National Title Insurance Company ("Fidelity") (Docket No. 64). Plaintiffs Werner and Pamela Zander ("plaintiffs") filed an opposition to Fidelity's motion to dismiss (Docket No. 71), and Fidelity filed a reply in support of its motion to dismiss (Docket No. 73).

Also before the Court is the Motion to Dismiss filed by defendants UBS AG Tampa Branch; UBS AG New York Branch; UBS Real Estate Securities, Inc.; Mortgage Electronic Registrations Systems, Inc.; Martin Bonanno; ACT Properties, LLC; Rushmore Loan Management Services, LLC; USA Residential Properties, LLC; and Northwest Trustee Services, Inc. (collectively, the "non-Fidelity defendants") (Docket No. 66). The non-Fidelity defendants also filed a Motion to Strike Portions of plaintiffs' Second Amended Complaint (Docket No. 67). Plaintiffs filed an opposition to the UBS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | EDCV 11-1370-CAS (DTBx) | Date | February 23, 2011 |
|---|---|---|---|
| Title | *WERNER A. ZANDER, ET AL. v. ACE MORTGAGE FUNDING LLC, ET AL.* | | |

defendants' motions to dismiss and strike (Docket Nos. 75, 76), and the non-Fidelity defendants filed a reply in support of their motions (Dockets Nos. 77, 78).

Because the Court's subject matter jurisdiction is based solely on the plaintiffs' federal claims for relief, the Court addresses only those claims at this time. For reasons set forth below:

1. Plaintiffs' claim for relief under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"), is DISMISSED without leave to amend; and

2. Plaintiffs' claim for relief under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601, et seq. ("RESPA"), is DISMISSED without leave to amend.

3. Non-Fidelity defendants' Motion to Strike is DENIED as moot.

4. The Court REMANDS this action to the Superior Court of California, County of San Bernardino, Case No. CIVVS 1104294.

## II. BACKGROUND

Plaintiffs filed their complaint against defendants in San Bernardino Superior Court on August 17, 2011 (Docket No. 1, ¶ 6). Plaintiffs' action stems from defendants' initiating foreclosure proceedings against plaintiffs' home, located at 7255 Cataba Road in Oak Hills, CA. (FAC, ¶¶ 2, 9; SAC, ¶ 1). Plaintiffs borrowed $537,000 from defendant UBS Tampa on July 27, 2007, a loan which plaintiffs claim they subsequently rescinded. (Id., ¶ 2, SAC ¶ 10). In 2009, plaintiffs modified the loan after falling into arrears. (Id., ¶ 97). By January 2010, plaintiffs defaulted on their loan a second time, which resulted in a Notice of Default being recorded on January 11, 2011. (Docket No. 22, Exh. 7). Defendants removed the action to federal court on August 29, 2011. (Docket No. 1). On September 14, 2011, defendants moved to dismiss Plaintiffs' complaint. (Docket No. 10).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 11-1370-CAS (DTBx) | Date | February 23, 2011 |
|---|---|---|---|
| Title | *WERNER A. ZANDER, ET AL. v. ACE MORTGAGE FUNDING LLC, ET AL.* | | |

On September 15, 2011, plaintiffs filed their First Amended Complaint ("FAC"). (Docket No. 13). Plaintiffs' FAC contained federal claims for alleged violations of (1) RICO; (2) RESPA; (3) TILA and HOEPA; (4) FCRA; (5) MVRA; (6) the SAFE Act; (7) the CCPA; and (8) the FDCPA. (Docket No. 13). Defendants moved to dismiss the FAC on September 29, 2011. (Docket No. 21). On October 31, 2011, the Court partially granted defendants' motion to dismiss. (Docket No. 40).

On December 23, 2011, plaintiffs filed their Second Amended Complaint ("SAC"). (Docket No. 61). Plaintiffs' SAC contains claims for alleged violations of (1) RICO and (2) RESPA. All defendants have moved to dismiss the SAC. After considering the parties' arguments, the Court finds and concludes as follows.

### III.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 11-1370-CAS (DTBx) | Date | February 23, 2011 |
|---|---|---|---|
| Title | *WERNER A. ZANDER, ET AL. v. ACE MORTGAGE FUNDING LLC, ET AL.* | | |

allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DEFENDANTS' MOTIONS TO DISMISS

### A. Requests for Judicial Notice

All defendants request that the Court take judicial notice of a number of exhibits, including records kept in the San Bernardino County Recorder's Office, corporate listings maintained by federal and state government entities, and items filed on the docket in this case. (Docket No. 65, Docket No. 66-1). The Court finds that these documents "are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and accordingly takes judicial notice of them. See Fed. R. Evid. 201(b); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | EDCV 11-1370-CAS (DTBx) | Date | February 23, 2011 |
|---|---|---|---|
| Title | *WERNER A. ZANDER, ET AL. v. ACE MORTGAGE FUNDING LLC, ET AL.* | | |

### B.  RICO Claim for Relief

Plaintiffs allege that defendants violated sections 1961–68 of RICO. (Docket No. 61, ¶¶ 17–55). The elements of a RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts'); (5) causing injury to the plaintiff's 'business or property.'" Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). This fifth element has two subparts: the plaintiff must show that the injury was proximately caused by the conduct and that he has suffered a concrete financial loss. Chaset v. Fleer/Skybox Intern., LP, 300 F.3d 1083, 1086 (9th Cir. 2002). When a civil RICO claim is based on fraud, the complaint must meet the heightened pleading standards of Rule 9(b). Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir.2007); In re Countrywide Fin. Corp. Mortgage Mktg. and Sales Practice Litig., 601 F.Supp.2d 1201, 1215 (S.D. Cal. 2009). To satisfy Rule 9(b) in this context, the plaintiff must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Id. (citing Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004))(internal quotations omitted).

The Court finds that plaintiffs' RICO claim fails as a matter of law. Plaintiffs appear to base their RICO claim on defendants' activity leading up to and including the foreclosure. However, "claims [that defendants threatened and initiated foreclosure] are nothing more than conduct undertaken in the ordinary course of business or litigation and cannot be fairly characterized as extortion that is independently wrongful under RICO. . . ." Book v. Morg. Elec. Registration Sys., 608 F. Supp. 2d 277, 282 (D. Conn. 2009); see also Dost v. Northwest Trustee Servs., Inc., 2011 WL 6794028, *12 (D. Or. Dec. 21, 2011) ("[Plaintiff's] other allegations concerning the various assignments of interests in his deed of trust, acquisitions of interests in entities having servicing rights to his loan, or acquisition of interests in the trust holding his loan, reflect no extortionate activity on the part of any defendant" and is therefore not actionable under RICO).

Furthermore, plaintiffs' SAC fails to cure the defects previously identified by this Court, and continues to offer little more than conclusory legal statements in an effort to plead Defendants' predicate acts. In particular, plaintiffs' allegations regarding TILA violations fail to state a RICO claim, as TILA violations are not predicate acts under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 11-1370-CAS (DTBx) | Date | February 23, 2011 |
|---|---|---|---|
| Title | *WERNER A. ZANDER, ET AL. v. ACE MORTGAGE FUNDING LLC, ET AL.* | | |

RICO.[1] See 18 U.S.C. § 1961(1) (defining "racketeering activity"). Similarly unavailing are allegations that plaintiffs were "forced" into forbearance and/or loan modification agreements to avoid foreclosure. (See Docket No. 40) (holding that "allegations concerning defendants' threats to foreclose the property [were], in the absence of more detailed factual allegations, a threat to conduct a lawful activity").

In addition, as all defendants' argue, plaintiffs' violated the Court's October 31, 2011 Order requiring them to file a RICO case statement within twenty days. (Docket No. 40, pp. 7–10). The Court warned plaintiffs that failure to file a RICO case statement within twenty days would be deemed a withdrawal of plaintiffs' RICO claim. (Id., p. 7). As of the date of this Order, plaintiffs have yet to file the required case statement.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his or her failure to comply with court orders. See Fed. R. Civ. P. 41(b); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court). Dismissal, however, should not be entered unless a plaintiff has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).

In determining whether to dismiss a case for failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See Ferdik, 963 F.2d at 1260–61 (failure to

---

[1] In their SAC, plaintiffs do not appear to pursue a claim for relief for alleged violations of TILA. To the extent that plaintiffs intended to state a claim for relief under TILA, Defendants have adequately demonstrated that plaintiffs have failed to correct the TILA deficiencies previously identified by this Court. (See Docket No. 40, pp. 10–11). In particular, plaintiffs have failed to allege an offer of tender and that their claims are not time-barred. Accordingly, to the extent that plaintiffs intended to state a claim for relief under TILA, it is DISMISSED without leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 11-1370-CAS (DTBx) | Date | February 23, 2011 |
|---|---|---|---|
| Title | *WERNER A. ZANDER, ET AL. v. ACE MORTGAGE FUNDING LLC, ET AL.* | | |

comply with court orders). Taking all of the above factors into account, it is also appropriate to dismiss plaintiffs' civil RICO claim for failure to comply with the Court's October 31, 2011 Order. Accordingly, for the reasons set forth above, plaintiffs' civil RICO claim is DISMISSED without leave to amend.

### C. RESPA Claim for Relief

Plaintiffs allege that defendants violated RESPA. Plaintiffs, however, have not cured their prior failure to allege that defendants' failure to reply to plaintiffs' Qualified Written Request resulted in any actual damages to plaintiffs. Such a failure is fatal to a RESPA claim. Hensley v. Bank of New York Mellon, 2011 WL 4084253, *4 (E.D. Cal., Sept. 13, 2011).

In addition, plaintiffs fail to allege adequately that the correspondence they claim to have sent defendants was a Qualified Written Request. In order for a correspondence to be deemed a Qualified Written Request, the correspondence must (1) include, or otherwise enable the loan servicer to identify, the name and account of the borrower; and (2) include a statement of the reasons for the borrowers' belief that the account is in error or provide sufficient detail to the loan servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e). Despite previous leave to amend this claim, plaintiffs still fail to demonstrate that the subject correspondence asserted any errors regarding the actual servicing of the loan. Lawther v. Onewest Bank, 2010 WL 4936797, *6 (N.D. Cal., Nov. 30, 2010) ("A loan servicer only has a duty to respond if the information request is related to loan servicing").

Accordingly, plaintiffs' RESPA claim for relief is DISMISSED without leave to amend.[2]

---

[2] Although plaintiffs also claim they are entitled to rescind the loan under RESPA, RESPA does not provide for rescission as a form of relief. See 12 U.S.C. §§ 2601–2617. Although TILA provides a limited right to rescission, as the Court notes above, plaintiffs have failed to adequately allege a TILA claim for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 11-1370-CAS (DTBx) | Date | February 23, 2011 |
|---|---|---|---|
| Title | *WERNER A. ZANDER, ET AL. v. ACE MORTGAGE FUNDING LLC, ET AL.* | | |

## V. CONCLUSION

For reasons set forth above, plaintiffs' federal claims are DISMISSED without leave to amend. Ordinarily, because plaintiffs are appearing *pro se*, the Court would dismiss plaintiffs' claims with leave to amend. However, the Court has previously granted plaintiffs leave to amend and now concludes that leave to amend would be futile because the facts plaintiffs have alleged foreclose the possibility that they could cure defects identified by the Court by amending their Complaint. See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) (holding that a *pro se* litigant must be given leave to amend his or her complaint unless it is obviously clear that the deficiencies in the complaint could not be cured by amendment and that "A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile").

This action was removed to federal court on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441. See Notice of Removal (Docket No. 1). In light of this Order dismissing plaintiff's remaining federal claims without leave to amend, the Court hereby declines to exercise supplemental jurisdiction over the remaining claims in the Complaint and remands this action for lack of subject matter jurisdiction. See 28 U.S.C. § 1367(c)(2); 28 U.S.C. § 1367(c)(3); 28 U.S.C. § 1447(c). This action is hereby REMANDED to the Superior Court of California, County of San Bernardino, Case No. CIVVS 1104294.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |